**EMPIRE NEWS, INC., a Nevada Corporation and Rhonda Dunstan, Plaintiffs,**

v.

**Ned SOLOMON, as Director of Business Licensing of Clark County, Nevada, and Clark County, Nevada, a body politic, Defendants.**

No. CV–S–92–566–PMP (RJJ).

United States District Court,
D. Nevada.

April 7, 1993.

**308**

Allen Lichtenstein, Janet Trost, Las Vegas, NV, for plaintiffs.

Charles K. Hauser, Robert J. Gower, Deputy Dist. Attys., Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

Before the Court is Plaintiffs' Second Verified Motion for a Temporary Restraining Order and/or Preliminary Injunction (# 24) filed March 11, 1993. Defendants filed an Opposition to this Second Motion (# 28) on March 24, 1993, and Plaintiffs filed a Reply on March 30, 1993. This Court held a hearing on Plaintiffs' Motion on Friday, April 2, 1993.[1]

Plaintiffs' Second Verified Motion for a Temporary Restraining Order and/or Preliminary Injunction raises several issues. Among these issues is whether Section 29.49.020 of the Clark County Code is unconstitutionally vague or overbroad, and whether the County is arbitrarily enforcing these regulations against Plaintiff in violation of her constitutional rights. At the heart of Plaintiffs' Motion is whether this Court is compelled to grant Plaintiffs' Motion, in order to preserve the status quo, because Plaintiffs allege that the County is violating their First Amendment rights.

Plaintiffs first request this Court to enjoin the County from issuing citations to Empire News for violating their "50/50" license granted on August 12, 1991. The County contends that Plaintiffs are in violation of Section 29.49.020(a) of the Clark County Code. Section 29.49.020(a) defines an adult book store as one that derives 51% or more of its gross sales from the sale of adult books. Plaintiffs assert that they are in compliance with the terms of their license; the County asserts that the bookstore is in fact deriving more than 51% of its gross sales from the sales of adult books. This is a dispute solely over whether Plaintiffs are complying with their business license. Plaintiffs raise no constitutional claims here.[2] This Court is not the appropriate forum in which to resolve this licensing dispute.[3] Therefore, Plaintiffs' request that this Court enjoin the County from issuing citations for violations of Section 29.49.020(a) of the County Code regarding Plaintiffs' bookstore is denied.

Plaintiffs also request that this Court enjoin the County from issuing citations to their adult video display theater. Plaintiffs have cited cases for the proposition that when a court is faced with First Amendment claims, the court must preserve the status quo while it resolves the constitutional issues. They seek an Order from this Court enjoining the County from issuing any citations for County Code violations relating to the video display theater. Defendants argue that Empire News is operating this theater without a license, as required by Code Section 6.95.020, and that these video displays constitute an adult use defined in section 29.49 and have to satisfy adult use zoning restrictions, independent of any theater licensing regulations.

Plaintiffs raise two constitutional sub-issues in support of their request for a Preliminary Injunction in order to preserve the status quo while this Court resolves their constitutional claims. First, they claim that the

---

1. Plaintiffs had filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction (# 7) on July 30, 1992. After a hearing, this Court denied Plaintiffs' Motion in an Order (# 13) dated July 31, 1992.

2. Plaintiffs raise another issue in that they contend that the Pleasure Chest should have been "grandfathered" in under section 29.49.070.

3. Even if this Court were inclined to make such a determination, it has no information from which it can determine whether Plaintiffs are, in fact, complying with their license.

definitional Section of 29.49.02 is vague and overbroad, allowing the County unbridled discretion to arbitrarily enforce this ordinance. *See* Plaintiffs' Second Verified Motion (# 24) at 2. Next, Plaintiffs claim that the County has arbitrarily enforced Section 29.49.

The County has represented to this Court that it does not intend to close down the video displays prior to the adjudication of Plaintiff's declaratory relief action. Despite this, Plaintiffs argue that continued issuance of citations "chills" the exercise of their First Amendment rights, in that it may force them to close down the video facility rather than face numerous citations before this Court resolves the constitutional claims.

There is case law to support the proposition that when a court is faced with determining issues with First Amendment implications, there exists the likelihood of irreparable harm such that an injunction maintaining the status quo while the court resolves the constitutional issues is desirable. *See, e.g., Southeastern Promotions, Ltd. v. Conrad,* 420 U.S. 546, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975). Plaintiffs here are alleging that the County regulations are unconstitutional and are infringing their First Amendment right to operate theaters. This Court finds that Plaintiffs' Motion raises sufficiently serious questions going to the merits to make them a fair ground for litigation. *See Ebel v. City of Corona,* 698 F.2d 390, 392 (9th Cir.1983). Furthermore, because Plaintiffs assert an injury to their freedom of expression, the potential hardships are not merely monetary; as such, the balance of hardships in this case tips decidedly toward the Plaintiffs. *See id.* at 393 (citing *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Thus, the test for granting a preliminary injunction as to the operation of the video display theater has been met.

This Court, therefore, enjoins the County from issuing citations regarding Plaintiffs' video display theater based on regulations requiring theaters to be licensed under Chapter 6.95, or based on adult use zoning restrictions under Section 29.49 of the Clark County Code. This injunction will stay in force until the Court resolves Plaintiffs' underlying constitutional claims. This Order should not be construed to enjoin the County from issuing citations regarding the video display theater or the bookstore to the Plaintiffs based on any other County code provision, including, but not limited to, regulations under Titles 9, 13, 22, and 25.

IT IS THEREFORE ORDERED THAT Plaintiffs' Second Verified Motion for a Temporary Restraining Order and/or Preliminary Injunction (# 24) is granted in part and denied in part, consistent with the above Order.

IT IS FURTHER ORDERED that the parties to this action shall proceed immediately and expeditiously with discovery to enable this Court to address the merits of Plaintiffs' declaratory relief action as quickly as possible.